**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **HUMBERTO JERONIMO REYES URBANO,**<br>**Petitioner,**<br>**v.**<br>**TODD BLANCHE, et al.,**<br>**Respondents.** | **NO. 5:26-cv-02922-KS**<br><br>**MEMORANDUM OPINION AND ORDER** |

Before the Court is the Petition for Writ of Habeas Corpus ("Petition") filed by Petitioner Humberto Jeronimo Reyes Urbano ("Petitioner") on May 30, 2026. (Dkt. No. 2.) For the following reasons, the Petition is **GRANTED** and Respondents are directed to provide Petitioner with an individualized bond hearing within five days.

## BACKGROUND

Petitioner is a native and citizen of Mexico who entered the United States without inspection in or around September 2005. (Dkt. No. 2 ¶¶ 13, 18, 19.) Petitioner "has lived in the United States for over 20 years. He has established his life and community here, and works diligently to support his family, including his wife, who suffered severe human trafficking, and his two children, one of whom suffers from Rubenstein Syndrome." (*Id.* ¶ 22.)

On May 13, 2026, Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") and is being held at the Adelanto Detention Center. (*Id.* ¶ 23.) ICE has initiated removal proceedings against Petitioner and, as of the filing of the Petition, Petitioner's first Master hearing was scheduled for May 29, 2026. (*Id.* ¶ 24; *see also* Dkt. Nos. 2-6, 2-7.) The parties have not informed the Court as to whether those proceedings were held and whether Petitioner's status has changed since the filing of the Petition.

Petitioner, through counsel, filed the instant Petition on May 30, 2026, arguing that his immigration detention in the absence of an opportunity to be heard or a bond determination violates both substantive and procedural due process. (Dkt. No. 2 at 11-14.[1]) Respondents' Answer to the Petition opposes his immediate release but concedes that Petitioner "appears to be" a member of the bond eligible class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) ("*Maldonado Bautista*"). (Dkt. No. 9.) Respondents therefore request that, "[t]o the extent a bond hearing is ordered here, it should be consistent with what Courts in this District have generally ordered in similar cases, which is to require an 8 U.S.C. § 1226(a) hearing to be provided in seven days." (*Id.*) Petitioner's counsel did not file a reply.

**LEGAL STANDARD**

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration

[1] The Court's page citations refer to the page numbers provided by its CM-ECF docketing system that appear near the top right corner of each page.

detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759 (9th Cir. 2020).

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. *See* U.S. Const., amend. V. These protections extend to noncitizens present in the United States. *See, e.g.*, *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) (per curiam) (internal quotation marks omitted) ("It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in the context of removal proceedings."); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent."); *Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021) (internal quotation and alterations omitted) ("The Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."). Indeed, "the government's discretion to incarcerate noncitizens is always constrained by the requirements of due process . . . ." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017).

The Due Process Clause provides both procedural and substantive protections. *See, e.g.*, *Regino v. Staley*, 133 F.4th 951, 959 (9th Cir. 2025) (internal quotation omitted) ("This clause protects individuals against two types of government action: violations of substantive due process and procedural due process."). To determine whether detention violates procedural due process, courts frequently apply the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022) (collecting cases and applying the *Mathews* test to a constitutional challenge to detention pursuant to 8 U.S.C. § 1226(a)). Under *Matthews*, courts weigh three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function

involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 332, 335.

"Substantive due process protects individuals from state action that interferes with fundamental rights." *Regino*, 133 F.4th at 959-60. Governmental action that infringes a fundamental right is constitutional only if "the infringement is narrowly tailored to serve a compelling state interest." *Reno v. Flores*, 507 U.S. 292, 302 (1993). By contrast, governmental action that does not infringe a fundamental right survives "substantive-due-process scrutiny so long as [the action is] rationally related to legitimate government interests." *Stormans, Inc. v. Wiesman*, 794 F.3d 1064, 1085 (9th Cir. 2015) (internal quotation omitted). To assess whether there has been a violation of a fundamental right, courts begin with "a careful description of the asserted fundamental liberty interest." *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997) (internal quotation marks omitted).

**DISCUSSION**

It is undisputed that Petitioner is entitled to the protections of procedural and substantive due process with respect to his immigration detention. *See Trump v. J.G.G.*, 604 U.S. at 673; *Zadvydas*, 533 U.S. at 693; *Hussain*, 985 F.3d at 642. Indeed, "the government's discretion to incarcerate noncitizens is always constrained by the requirements of due process." *Hernandez*, 872 F.3d at 981.

Here, Petitioner has, to-date, been in ICE custody for approximately four months and, significantly, does not allege that he has ever previously been in ICE detention or released on parole from a prior detention. (Dkt. No. 2 ¶ 23.) As to procedural due process, the first and second *Mathews* factors do not weigh in Petitioner's favor. Concerning the first *Mathews* factor, "courts in this Circuit, including this one, have found that noncitizens who have been released on parole have a liberty interest in maintaining that liberty" but "Petitioner was not

previously released on parole." Such an individual "does not have a *conditional* liberty interest protected by the Due Process Clause." *Wang v. Janecha*, No. 5:26-cv-4447-BFM, 2026 WL 2584800, at *1 (C.D. Cal. Aug. 31, 2026) (emphasis in original). Further, as to the second *Mathews* factor, "[t]he risk of an erroneous deprivation of Petitioner's liberty interest" is also not as high in a case such as this as it would be "in cases where noncitizens were conditionally released or paroled." *Jemna v. Warden of Otay Mesa Det. Ctr.*, No. 3:26-cv-00725-RBM-VET, 2026 WL 788172, at *5 (S.D. Cal. Mar. 20, 2026).

However, as to the third *Mathews* factor, the Court also finds that "the government's interest in detaining Petitioner without a bond hearing is low." *Drake v. Warden*, No. 1:26-cv-02242-KES-CDB (HC), 2026 WL 1601546, at *10 (E.D. Cal. June 4, 2026); *see also R.I. v. Wofford*, No. 1:25-cv-01637-KES-SKO (HC), 2025 WL 3768205, at *7 (E.D. Cal. Dec. 31, 2025) ("[A]lthough the government has a strong interest in enforcing the immigration laws, the government's interest in detaining petitioner without a hearing is low.") (citation and internal quotation marks omitted); *see also Jensen v. Garland*, No. 5:21-cv-01195-CAS (AFM), 2023 WL 3246522, at *6 (C.D. Cal. May 3, 2023) ("[T]he government's interest in detaining a noncitizen without a bond hearing is not as weighty as the petitioner's interest."); *Galdillo v. United States*, No. EDCV 21-724 JGB (KKx), 2021 WL 4839502, at *3 (C.D. Cal. May 7, 2021) (same).

In applying the *Mathews* factors to the facts of this case as outlined above, on balance, the Court finds that because the first two *Mathews* factors weigh against Petitioner as this is the first time he has ever been in ICE custody, Petitioner has failed to establish a procedural due process violation. *Wang*, 2026 WL 2584800, at *1-2.

However, as to Petitioner's substantive due process argument, the Court finds that "[a] bond hearing is the primary test of whether detention is excessive to the government's interest in detention." *Wang*, 2026 WL 2584800, at *3 (citing *Martinez Leiva v. Becerra*, No. 23-cv-

02027-CRB, 2023 WL 3688097, at *5 (N.D. Cal. May 26, 2023)). Moreover, here, Respondents concede that Petitioner "appears to be a member of the Bond Eligible Class certified in" *Maldonado Bautista*, and "[a]ccordingly, Respondents acknowledge that Petitioner's claim in this action appears to be subject to the *Bautista* judgment, the order enforcing the same, and to any applicable appellate proceedings relating to it." (Dkt. No. 9.)

**CONCLUSION**

For the foregoing reasons, the Court ORDERS that:

1. Judgment be entered granting the Petition[2]; and

2. A writ of habeas corpus shall be issued requiring Respondents to provide Petitioner with an individualized bond hearing before an Immigration Judge within five (5) days of this Order.

DATE: September 15, 2026

Karen L. Stevenson
HON. KAREN L. STEVENSON
CHIEF U.S. MAGISTRATE JUDGE

[2] Petitioner also requests an award of costs and attorney fees. (Dkt. No. 2 at 14 ¶ g.) Any request for costs and fees must be filed separately and in accordance with the deadlines set by the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.